# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVON LAMAR TORBERT,<br><br>　　　　　　　　　　　Petitioner,<br><br>　　　　v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>　　　　　　　　　　　Respondent. | Civil No.　11-0075 DMS (WVG)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE** |

　　　Petitioner, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

## **FAILURE TO SATISFY FILING FEE REQUIREMENT**

　　　Petitioner has failed to pay the $5.00 filing fee and has failed to move to proceed in forma pauperis. Because this Court cannot proceed until Petitioner has either paid the $5.00 filing fee or qualified to proceed in forma pauperis, the Court **DISMISSES** the case without prejudice. See Rule 3(a), 28 U.S.C. foll. § 2254.

## **FAILURE TO NAME PROPER RESPONDENT**

　　　Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. See id.

1    The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." Id. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" Id. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" Id. (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." Ashley v. Washington, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." Ortiz-Sandoval, 81 F.3d at 895.

Here, Petitioner has incorrectly named "People of the State of California," as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

//
//
//
//
//
//
//
//

## **CONCLUSION AND ORDER**

Accordingly, the Court **DISMISSES** the Petition without prejudice due to Petitioner's failure to satisfy the filing fee requirement and name a proper respondent. If Petitioner wishes to proceed with this case, he must submit, **no later than March 29, 2011,** a copy of this Order with the $5.00 fee or with adequate proof of his inability to pay the fee AND a First Amended Petition which cures the pleading deficiencies noted in the Order. *The Clerk of Court is directed to send Petitioner a blank Southern District of California In Forma Pauperis Application and First Amended Petition form along with a copy of this Order.*

**IT IS SO ORDERED.**

**DATED: January 21, 2011**

**HON. DANA M. SABRAW**
**United States District Judge**